**Order filed May 30, 2019**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-19-00315-CV
_____

## EMILIO LOPEZ, Appellant

## V.

## CLEAR LAKE REGIONAL MEDICAL CENTER, CIICA CLEAR LAKE, L.P. D/B/A CLEAR LAKE REGIONAL MEDICAL CENTER, GABRIEL RODRIGUEZ, M.D., TEXAS ONCOLOGY P.A. D/B/A TEXAS UROLOGY SPECIALISTS, TEXAS ONCOLOGY P.A. AND TEXAS UROLOGY SPECIALISTS-WEBSTER, Appellees

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-15836**

## ABATEMENT ORDER

This appeal is from a judgment signed November 26, 2018. The clerk's record was filed April 26, 2019. The record reflects the notice of appeal was filed April 9, 2019. In response to a notice from the court explaining that the notice of appeal appeared untimely, appellant alleges he did not receive notice of the November 26, 2018 judgment until January 2, 2019. When a party contends he did not receive official notice of a judgment from the clerk or otherwise obtain actual

knowledge of the judgment within twenty days of the date the judgment was signed, the party may request an order establishing that the time period for appeal begins on the date the party or his attorney received the clerk's notice or acquired actual knowledge of the judgment, whichever occurred first. *See* Tex. R. Civ. P. 306a(4). In no event will the new time period begin more than ninety days after the date the original judgment was signed. *Id*. To establish application of rule 306a(4), a party adversely affected must prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed. *See* Tex. R. Civ. P. 306a(5).

Our clerk's record shows that appellant filed a motion seeking to establish application of rule 306a(4). The motion is supported by an affidavit from appellant's counsel stating that he did not receive notice of the judgment by mail and instead discovered that the judgment had been signed by looking at the district clerk's website on January 2, 2019. January 2, 2019 is more than twenty days after November 26, 2018. We also have a reporters' record from a hearing held February 21, 2019, at which the parties argued the merits of appellant's request for rule 306a(4) relief. At the conclusion of the hearing, the trial court indicated that it found that appellant's counsel first received actual knowledge of the judgment on January 2, 2019. The record, however, does not contain a signed order to that effect. A trial court granting rule 306a(4) relief is required to sign a written order that finds the date on which the party or the party's attorney first either received notice or acquired actual knowledge that the judgment was signed. *See* Tex. R. App. P. 4.2(c); *see also LDF Construction, Inc. v. Texas Friends of Chabad Lubavitch, Inc.*, 459 S.W.3d 720, 724 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (the date must be established by competent proof and included in a written order signed by the trial judge).

Without a signed order under rule 4.2(c), we are unable to determine whether appellant's notice of appeal is timely. If the trial court finds that January 2,

2019, is the date when appellant or appellant's counsel first either received notice or acquired actual knowledge that the judgment was signed, then a notice of appeal, or a motion extending the time to file a notice of appeal, was due on or before February 1, 2019. *See* Tex. R. App. P. 26.1; Tex. R. Civ. P. 329b(a). The clerk's record reflects that appellant tendered a motion for new trial for filing on February 1, 2019. If the motion for new trial was timely, then appellant's notice of appeal was due April 2, 2019. The notice of appeal was filed April 9, 2019, within the fifteen-day time period during which we imply a motion to extend time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

Accordingly, we order the case abated and remanded to the trial court for entry of a written order finding the date when appellant first either received notice or acquired actual knowledge that the judgment was signed. A supplemental clerk's record containing the trial court's order shall be filed with the clerk of this court **within 30 days of the date of this order.**

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party, or the Court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing, if a hearing is required, in compliance with this Court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

Panel consists of Justices Wise, Jewell, and Hassan.